0337-20522 #1426722

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF M/V CANDY STORE, L.L.C. AS OWNER, CANDY FLEET, L.L.C. AS OPERATOR AND OWNER PRO HAC VICE, AND M/V CANDY STORE, *IN REM* FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO:**<br><br>**SECTION:**<br><br>**MAGISTRATE:**<br>**MAG.** |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

The Complaint of M/V CANDY STORE, L.L.C., as owner of the M/V CANDY STORE, and Candy Fleet, L.L.C., as operator and owner *pro hac vice* (hereinafter sometimes collectively referred to as "Petitioners"), in a cause for exoneration from and/or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims, allege upon information and belief as follows:

1.

At all times pertinent hereto, M/V CANDY STORE, L.L.C. was the owner of the M/V CANDY STORE, its equipment, tackle, apparel, fixtures, and furniture.

2.

Candy Fleet, L.L.C. was the operator and owner *pro hac vice*, its equipment, tackle, apparel, fixtures, and furniture.

3.

M/V CANDY STORE, L.L.C. is a Louisiana limited liability company organized under and existing by virtue of the laws of the State of Louisiana.

4.

Candy Fleet, L.L.C. is a Louisiana limited liability company under and existing by virtue of the laws of the State of Louisiana.

5.

The M/V CANDY STORE, USCG No. 1049273, is a 130-foot long aluminum-hulled passenger vessel.

6.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims, as the M/V CANDY STORE is currently located within this Honorable District.

7.

On or about October 19, 2018, the M/V CANDY STORE experienced a grounding event at or about the Cameron Parish Jetty located in Cameron Parish, Louisiana and subsequently underwent a salvage operation wherein there was an alleged personal injury by Lance Folse (hereinafter the "Incident").

8.

The M/V CANDY STORE was, at all material times, a seaworthy vessel.

9.

Petitioners used due diligence, to the extent they were legally obligated to do so, to make the aforementioned vessel seaworthy, and it was prior to the casualty herein, tight, staunch, strong, fully and properly manned, equipped, and supplied and in all respects seaworthy and fit for the service in which it was engaged.

10.

The Incident and alleged injuries or damages resulting from the aforementioned Incident were not caused or contributed to by any fault, negligence, or lack of care on the part of Petitioners, their owners or officers, or the M/V CANDY STORE, but were caused instead by the fault, negligence, and lack of care of other parties or by circumstances beyond the control of Petitioners.

11.

Petitioners deny that they or the M/V CANDY STORE are liable to any extent for any damages, losses and/or injuries, and in that regard, therefore, Petitioners are entitled to exoneration from liability for all claims, damages, losses and injuries which may have been done, occasioned or incurred by any reasons of the matters aforesaid.

12.

In the alternative, and without admitting liability, Petitioner avers that in the event it or the M/V CANDY STORE should be held responsible to any person or parties, by reasons of the matters aforesaid, Petitioners and the M/V CANDY STORE are entitled to the benefits of the Limitation of Liability Act as provided for in § 30501 through § 30512 of Title 46 of the United States Code and all laws supplementary thereto and amendatory thereof.

13.

All of the alleged losses, damages, and injuries resulting from the aforementioned incident were done, occasioned and incurred without fault on the part of the Petitioners and/or without Petitioners' privity or knowledge.

14.

Petitioners are aware of a related suit entitled "*Lance Folse v. Candy Fleet, L.L.C.*" Civ. No. 3:19-cv-00177, filed in the United States District Court for the Southern District of Texas,

Galveston Division. Petitioners expressly deny that United States District Court for the Southern District of Texas maintains personal jurisdiction over Petitioners and expressly deny that venue is proper within the United States District Court for the Southern District of Texas.

15.

The parties known to have potential Claims against Petitioner resulting from the aforesaid matters are:

    1.    Lance Folse
           **Through his attorney:**
           Eric J. Rhine
           Spagnoletti Law Firm
           401 Louisiana Street, 8th Floor
           Houston Texas, TX 77002

16.

Petitioners aver that at the termination of the voyage hereinabove described, the market value of the M/V CANDY STORE and the value of the Petitioner's interest in said vessel, did not exceed the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00). Petitioners provide the attached Declaration of Value by Andrew Minster attached as Exhibit "A," in support of this contention. Furthermore, Petitioners aver that the value of the M/V CANDY STORE's pending freight at the end of the voyage in question was $3,550.00.

17.

Petitioner has caused to be filed contemporaneously herewith, an Ad Interim Stipulation/Letter of Undertaking, in appropriate form for the payment into Court, for the amount of Petitioner's interest in the M/V CANDY STORE and its pending freight at the close of the voyage aforementioned, together with interest at the rate provided by law from the date of said Ad Interim Stipulations and for costs; in addition, Petitioner is prepared to give a bond or stipulation

for any amount in excess of the Ad Interim Stipulations as may be ascertained and determined to be necessary under Orders of this Court, as provided by the laws of the United States and the Federal Rules of Civil Procedure.

18.

This Complaint is filed within six (6) months of first receipt of a claim in writing, that is subject to a shipowner's protections under 46 U.S.C. § 30501, *et seq.*, arising from the aforementioned incident, which revealed a reasonable possibility that the claim may exceed the value of the M/V CANDY STORE and its pending freight.

19.

The M/V CANDY STORE has not been arrested or attached within six (6) months after the Petitioner received the first written notice of a claim as aforesaid.

20.

Petitioner avers that claims have been or may be asserted against it in amounts exceeding the total sum Petitioner may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

21.

All and singular the premises are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. §1333, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner prays:

(a) That this Court accept Petitioner's Ad Interim Stipulation/Letter of Undertaking, as security for the M/V CANDY STORE, and her pending freight, which total

the amount of SEVEN HUNDRED FIFTY-THREE THOUSAND FIVE-HUNDRED FIFTY DOLLARS ($753,550.00) and cause the attached Order Approving Petitioners' Ad Interim Stipulations to be issued;

(b) That this Court make an order directing the issuance of a monition and notice to all persons claiming damages for any and all loss of life, personal injury, destruction, property damage, or loss occasioned or incurred by, or resulting from the aforesaid casualty or other occurrences, as hereinabove described, or during the voyage on which the M/V CANDY STORE was then engaged, citing them, and each of them to file their respective claims with the Clerk of this Honorable Court, and to serve copies of said claims upon the attorney for the Petitioners, on or before the time fixed by this Honorable Court in the monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a commissioner or this Honorable Court as this Honorable Court may later direct, and also to appear and answer the allegations of this Petition according to the laws, rules and practices of this Honorable Court at or before a certain time to be fixed by the monition.

(c) That this Court issue an injunction, restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of or resulting from the incident or other occurrences, as hereinabove described, or during the voyage on which the M/V CANDY STORE was then engaged, and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Petitioner or its agents or representatives or any other person whatsoever, for whom Petitioner may be responsible or the M/V CANDY STORE in respect of any claim or claims arising out of the aforesaid

voyage of the M/V CANDY STORE on or about October 19, 2018, along with the aforesaid occurrence.

    (d)    That this Court, assuming that a claim is filed against Petitioners, as well as the M/V CANDY STORE in this proceeding, adjudge:

    (i.)  That Petitioners are not liable to any extent for any loss of life, injury, destruction, property damage or loss, or for any claim whatsoever, in any way arising out of or consequent upon the aforesaid occurrence;

    (ii.)  Alternatively, if Petitioners shall be adjudged liable, that such liability be limited to the amount or value of Petitioners' interest in the M/V CANDY STORE and her pending freight immediately after the voyage, on which the aforesaid occurrence(s) took place, and that the money paid or secured to be paid as aforesaid, be divided *pro rata* among such Claimants as may duly prove their claims, if any, before this Court or a commissioner, if one be appointed, saving to all parties, any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners from all further liability; and

    (iii.)  That Petitioners have such other and further relief as the justice of the cause may require.

Respectfully submitted:

*/s/ Salvador J. Pusateri*
Salvador J. Pusateri, T.A. (#21036)
Aaron B. Greenbaum (#31752)
Elizabeth B. McIntosh (#36575)
Michael H. Rodrigue, Jr. (#31306)
PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC

1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Elizabeth.McIntosh@pjgglaw.com
Michael.Rodrigue@pjgglaw.com
**ATTORNEYS FOR PETITIONER-IN-LIMITATION, M/V CANDY STORE, L.L.C., AS OWNER OF THE M/V CANDY STORE, AND CANDY FLEET, L.L.C., AS OPERATOR AND OWNER PRO HAC VICE**