## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE § | | CIVIL ACTION NO: 2:19-cv-10870 |
| COMPLAINT OF M/V CANDY STORE, § | | |
| LLC, AS OWNER, CANDY FLEET, L.L.C. § | | SECTION: "D" |
| AS OPERATOR AND OWNER PRO HAC § | | |
| VICE, AND M/V CANDY STORE, *IN REM* § | | HONORABLE JUDGE AFRICK |
| FOR EXONERATION FROM OR § | | |
| LIMITATION OF LIABILITY § | | MAGISTRATE MEERVELD |
| § | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY AND CLAIM ON BEHALF OF DHD OFFSHORE SERVICES, LLC

NOW INTO COURT, through undersigned counsel, comes DHD OFFSHORE SERVICES, LLC ("DHD"), who answers the Complaint of M/V CANDY STORE, LLC as owner, CANDY FLEET, LLC, as operator and owner pro hac vice, and M/V CANDY STORE, *in rem* for Limitation of Liability as follows:

### FIRST DEFENSE

The Complaint for Exoneration from or Limitation of Liability (the "Complaint") fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint neither states well-pleaded facts nor otherwise sufficiently pleads allegations establishing entitlement to relief under 46 U.S.C. §30501, *et seq.*

### THIRD DEFENSE

In answer to the specific allegations of the Complaint, DHD respectfully avers as follows:

1.

The allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

Paragraph 8 sets forth conclusions of law, which require neither an affirmative nor negative response on behalf of DHD. To the extent a response is deemed necessary, the allegations contained in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 are denied.

11.

The allegations contained in Paragraph 11 are denied.

12.

Paragraph 12 sets forth conclusions of law, which require neither an affirmative nor negative response on behalf of DHD. To the extent a response is deemed necessary, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 are denied.

14.

The allegations contained in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 require neither an affirmative nor negative response on behalf of DHD. To the extent a response is deemed necessary, the allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 require neither an affirmative nor negative response on behalf of DHD. To the extent a response is deemed necessary, the allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

In further answer, DHD avers:

**FOURTH DEFENSE**

DHD avers that it was in no way responsible for the incident in question.

**FIFTH DEFENSE**

DHD avers the incident at issue was caused by the negligence of Complainant and/or its principles, agents, servants, and/or employees, and/or was caused by the unseaworthiness of the M/V

CANDY FLEET.

## SIXTH DEFENSE

DHD further avers that the incident at issue was caused in whole or in part by the fault, acts, negligence, or omissions of third parties or individuals (including but not limited to Lance Folse) for whom DHD has no legal responsibility or liability, such parties being solely and/or concurrently at fault or negligent.

## SEVENTH DEFENSE

DHD reserves the right to supplement or amend its Answer and affirmative defenses and to assert any other rights, claims, and defenses.

## CLAIM OF DHD OFFSHORE COMPANY, LLC

**AND NOW,** further responding, the Claim of DHD, a Louisiana entity authorized to do and doing business in the State of Louisiana and within the territorial jurisdiction of this Court, with respect avers:

1.

Defendant, M/V CANDY STORE, LLC, is a Louisiana limited liability company with its registered business establishment in Morgan City, LA and its agent for service of process in New Orleans, LA.

2.

Defendant, CANDY FLEET, LLC, is a Louisiana limited liability company with its registered business establishment and agent for service of process in Morgan City, LA.

3.

Upon information and belief, the M/V CANDY STORE is owned and/or operated by M/V

CANDY STORE, LLC and/or CANDY FLEET, LLC.

4.

On or about October 19, 2018, DHD was providing contract labor to Diamond Services Company, which was in turn was providing salvage operations to Defendants through the use of Diamond's material barges.

5.

On or about October 19, 2018, Lance Folse, a DHD employee, was working aboard the CBC672, a material barge operated by Diamond Services Company, in connection with the salvage operations being performed regarding the M/V CANDY FLEET.

6.

Upon information and belief, Lance Folse alleges he incurred personal injury on or about October 19, 2018.

7.

As Jones Act employer, DHD may be obligated to pay maintenance and cure benefits on behalf of Lance Folse due to his alleged injury while in the service of the vessel.

8.

DHD specifically and expressly denies any liability unto Lance Folse, and moreover, denies any fault, negligence, or lack of due care on its part. Instead, DHD would show that whatever damages, if any, sustained by Lance Folse were, to the extent the facts demonstrate, directly and proximately caused by the fault, negligence, or lack of due care of the Defendants and/or the unseaworthiness of the M/V CANDY STORE and/or the contributory negligence of Lance Folse and/or fault of third parties for whom DHD is not legally responsible.

9.

To the extent that Defendants are found liable for the October 19, 2018 incident, DHD seeks recovery against Defendants for all damages incurred or that may be incurred by DHD as a result of the incident, including, but not limited to, reimbursement of maintenance and cure benefits paid or to be paid to or on behalf of Lance Folse.

10.

Furthermore, in the event that DHD is held liable or otherwise found responsible in connection with the October 19, 2018 incident (such liability being expressly denied), then DHD shall be entitled to a judgment against Defendants for contribution and/or indemnity for all damages incurred or that may be incurred by DHD as a result of the fault, negligence, and/or unseaworthiness attributable to Defendants.

WHEREFORE, premises considered, DHD OFFSHORE SERVICES, LLC, respectfully prays that this Answer be deemed good and sufficient and that after all delays and due proceedings had, there be judgment against the M/V CANDY STORE, LLC and/or the CANDY FLEET, LLC, requiring it to indemnify and/or reimburse DHD for any and all maintenance and cure benefits paid to or on behalf of Lance Folse and for any and all other general and equitable relief as may be just and proper.

Respectfully submitted,

MAHTOOK & LAFLEUR
(A Limited Liability Company)


s/ *Ward F. Lafleur*
WARD F. LAFLEUR - I.D. NO. 01770
JULIE I. FAULK - I.D. NO. 36453
600 Jefferson Street, Suite 1000
Post Office Box 3089
Lafayette, Louisiana 70502
Telephone: (337) 266-2189

**COUNSEL FOR DHD OFFSHORE SERVICES, LLC**


### CERTIFICATE

I HEREBY CERTIFY that the above and foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery         ( ) Prepaid U.S. Mail

( ) Facsimile              ( ) Federal Express

( ) Electronic Mail        ( X ) CM/ECF Filing System

Lafayette, Louisiana, this 4th day of October, 2019.

s/ *Ward F. Lafleur*
WARD F. LAFLEUR