UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | * | CIVIL ACTION NO.: 2:19-cv-10870 |
| M/V CANDY STORE, L.L.C., AS OWNER, | * | |
| CANDY FLEET, L.L.C. AS OPERATOR AND | * | JUDGE WENDY B. VITTER |
| OWNER *PRO HAC VICE*, AND M/V CANDY | * | |
| STORE, *IN REM* FOR EXONERATION FROM | * | MAGISTRATE JUDGE |
| OR LIMITATION OF LIABILITY | * | JANICE VAN MEERVELD |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER AND CLAIM OF
DIAMOND SERVICES CORPORATION**

**NOW INTO COURT,** through undersigned counsel, comes Diamond Services Corporation (herein referred to as "Claimant" and/or "Diamond"), and in answer to the *Complaint for Exoneration from or Limitation of Liability* (the "*Complaint*") on behalf of M/V CANDY STORE, L.L.C., as owner, Candy Fleet, L.L.C. as operator and owner *pro hac vice*, and M/V CANDY STORE, *in rem* (collectively herein referred to as "Candy Fleet" and/or "Petitioners"), respectfully represent:

**FIRST DEFENSE**

The *Complaint* fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Answering separately the allegations of the *Complaint,* Diamond states as follows:

I.

The truth of the allegations of fact contained in Article 1 of the *Complaint* require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

II.

The truth of the allegations of fact contained in Article 2 of the *Complaint* require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

III.

The truth of the allegations of fact contained in Article 3 of the *Complaint* require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

IV.

The truth of the allegations of fact contained in Article 4 of the *Complaint* require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

V.

The truth of the allegations of fact contained in Article 5 of the *Complaint* require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

VI.

The allegations contained in Article 6 of the *Complaint* are admitted.

VII.

The truth of the allegations of fact contained in Article 7 of the *Complaint* are admitted.

VIII.

The truth of the allegations of fact contained in Article 8 of the *Complaint* is denied for lack of sufficient information to justify a belief therein.

IX.

The truth of the allegations of fact contained in Article 9 of the *Complaint* is denied.

X.

The truth of the allegations of fact contained in Article 10 of the *Complaint* is denied.

XI.

The truth of the allegations of fact contained in Article 11 of the *Complaint* is denied.

XII.

The truth of the allegations of fact contained in Article 12 of the *Complaint* state legal conclusions requiring no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

XIII.

The truth of the allegations of fact contained in Article 13 of the *Complaint* is denied.

XIV.

The allegations contained in Article 14 of the *Complaint* require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

XV.

The allegations contained in Article 15 of the *Complaint* state legal conclusions requiring no answer of Claimant; however, should an answer be required, the allegations contained therein are denied for lack of sufficient information to justify a belief therein.

XVI.

The truth of the allegations of fact contained in Article 16 of the *Complaint* is denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Article 17 of the *Complaint* require no answer of this Claimant; however, should an answer be required, the allegations contained therein are denied.

XVIII.

The truth of the allegations of fact contained in Article 18 of the *Complaint* is denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations contained in Article 19 of the *Complaint* is denied for lack of sufficient information to justify a belief therein.

XX.

The truth of the allegations of fact contained in Article 20 of the *Complaint* is denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Article 21 of the *Complaint* state legal conclusions requiring no answer of Claimant; however, should an answer be required, the allegations contained therein are denied for lack of sufficient information to justify a belief therein.

**THIRD DEFENSE**

Any allegations contained in any unnumbered, prefatory, ancillary or conclusory paragraphs or articles of the *Complaint* are categorically denied.

## FOURTH DEFENSE

Claimant denies that Petitioners sustained any damage as alleged in the *Complaint*; however, should it be found that Petitioners were damaged under the circumstances outlined in the *Complaint*, which is denied, Claimant shows that such damage or damages were caused by the Petitioners' sole fault and/or negligence and/or inattention and/or omissions, which contributory or comparative negligence and comparative fault of Petitioners, is specifically pled as a complete and total bar to, or in diminution of, any recovery by Petitioners in this action.  It is specifically denied that Claimant was negligent in any way, or in any way caused or contributed to any damages allegedly sustained by Petitioners in this action.

## FIFTH DEFENSE

Claimant denies that Petitioners sustained any damage as alleged in the *Complaint*; however, should it be found that Petitioners were injured under the circumstances outlined in the *Complaint*, which is denied, Claimant affirmatively shows that Petitioners' damage or damages were caused solely and completely by persons, parties, or entities for whom Claimant is not legally responsible.

## SIXTH DEFENSE

Claimant denies that Petitioners sustained any damage as alleged in the *Complaint*, however, should it be found that Petitioners were injured under the circumstances outlined in the *Complaint*, which is denied, Claimant affirmatively shows that Petitioners' damage or damages were caused by an unavoidable accident for which Claimant cannot be held legally responsible.

## SEVENTH DEFENSE

Claimant denies that Petitioners sustained any damage as alleged in the *Complaint*; however, should it be found that Petitioners were damaged under the circumstances outlined in the

*Complaint*, which is denied, Claimant shows that Petitioners failed to exercise reasonable care and diligence to prevent avoidable consequences of their damages, resulting in a failure to mitigate their damages, which failure on the part of Petitioners is specifically plead as a complete and total bar to, or in diminution of, any recovery by Petitioners in this action.

## EIGHT DEFENSE

Claimant denies that Lance Folse sustained any injury as alleged in the *Complaint;* however, should it be found that Lance Folse was injured under the circumstances outlined in the *Complaint,* which is denied, Claimant shows that such injury or injuries were caused by Lance Folse's sole fault and/or negligence and/or inattention and/or omissions, which contributory or comparative negligence and comparative fault of Lance Folse, is specifically pled as a complete and total bar to, or in diminution of, any recovery by Lance Folse in this action. It is specifically denied that Claimant was negligent in any way, or in any way caused or contributed to any injuries allegedly sustained by Lance Folse in this action.

## NINTH DEFENSE

Claimant, Diamond Services Corporation, avers that the amount of damages claimed in the *Complaint* far exceeds the value of Claimants' interest in the C/B DIAMOND 85 at the time of the alleged accident referred to in the *Complaint*; and Diamond Services Corporation claims the benefit of the Statues of the United States regarding Limitation of Liability of Shipowners, 46 U.S.C. §30501, *et. seq*., and further avers that should judgment be rendered herein against Diamond Services Corporation, that it is entitled to have its liability limited to the amount or value of its interest in the vessel and her pending freight, if any, as of the date of the alleged accident in question.

## TENTH DEFENSE

Claimant shows that the C/B DIAMOND 85 and all appurtenances thereto were at all times strong, staunch, sturdy, well-maintained and reasonably fit for their intended purposes.

## ELEVENTH DEFENSE

Claimant specifically reserves the right to amend and supplement its Answer and bring such other claims by way of Cross-Claims or Third-Party Demands as it may deem appropriate as additional facts become known.

## TWELFTH DEFENSE

Claimant specifically reavers and reiterates all other Answers as if copied herein *in extenso*.

## THIRTEENTH DEFENSE

Claimant denies that Petitioners sustained any damages as alleged in the *Complaint*; however, should it be found that Petitioners did sustain damages under the circumstances outlined in the *Complaint*, which is expressly denied, Claimant affirmatively pleads the defenses contained in Federal Rule of Civil Procedure 8(c)(1) including:   accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud, illegality; injury by fellow servant; set-off; *laches*; license; payment; release; *res judicata*; statute of frauds; statute of limitations; and waiver.

## CLAIM

**AND NOW**, in accordance with the provisions of Supplemental Admiralty or Maritime Rule F(5) of the Federal Rules of Civil Procedure, Claimant, Diamond Services Corporation (referred to herein as "Claimant" and/or "Diamond"), avers on information and belief the facts on which it relies in support of its claim against M/V CANDY STORE, L.L.C., the M/V CANDY STORE, and Candy Fleet, L.L.C (collectively hereinafter referred to as "Candy Fleet").

I.

M/V CANDY STORE, L.L.C. is a Louisiana Limited Liability Company authorized to do and doing business in the State of Louisiana.

II.

Candy Fleet, L.L.C. is a Louisiana Limited Liability Company authorized to do and doing business in the State of Louisiana.

III.

Diamond Services Corporation is a Louisiana corporation authorized to do and doing business in the State of Louisiana.

IV.

Candy Fleet contracted with Diamond to salvage the M/V CANDY STORE which had grounded in or around Cameron Parish, Louisiana, and required salvage.

V.

Candy Fleet also contracted with ES&H to assist in the salvage operations necessary for the M/V CANDY STORE.

VI.

Diamond utilized a crane barge, the C/B DIAMOND 85, to recover the M/V CANDY STORE and position it on a barge owned by Canal Barge Company, the CBC762.

VII.

Diamond also contracted the services of DHD Offshore Services, LLC ("DHD") to assist in salvaging the M/V CANDY STORE.

VIII.

Upon information and belief, Mr. Lance Folse, an employee of DHD, alleges to have slipped while on the deck of the CBC762.

IX.

Claimant denies that it is at fault at causing and/or contributing to any damage and/or damages alleged by any party as it relates to any damages and/or injury that may have occurred on or about October 19, 2018.

X.

Upon information and belief, Claimant asserts that Candy Fleet owes it contribution and indemnity for any and all amounts for which Diamond is found responsible in the following nonexclusive particulars:

    a.   Negligence under the General Maritime Law;

    b.   Failure to warn Claimant of conditions that Candy Fleet knew or should have known presented a hazard; and

    c.   Any and all other acts of negligence that shall be shown at a trial on the merits.

XI.

Candy Fleet is jointly and severally liable for damages incurred or paid by on behalf of Claimant as result of the alleged injury sustained by Lance Folse on or about October 19, 2018.

XII.

In the event that judgment is rendered in favor of Claimant, whether in the above captioned litigation or any other related matter, for any part of any damages awarded to Lance Folse, Claimant claims over and against Candy Fleet on the basis of tort indemnity and/or contribution for all or part of such damages that may be adjudged against Claimant.

**WHEREFORE,** Claimant, Diamond Services Corporation, prays that its answer be deemed good and sufficient and that, after due proceedings had, there be judgment rendered against M/V CANDY STORE, L.L.C., as owner, Candy Fleet, L.L.C. as operator and owner *pro hac vice*, and M/V CANDY STORE, *in rem*, denying their *Complaint for Exoneration from or Limitation of Liability,* at their cost, and for all additional relief as this Honorable Court may deem just in the premises.  Additionally, Claimant, Diamond Services Corporation, further prays that its Claim be deemed good and sufficient and that, after due proceedings had, there be judgment rendered in favor of Diamond Services Corporation and against M/V CANDY STORE, L.L.C., as owner, Candy Fleet, L.L.C. as operator and owner *pro hac vice*, and M/V CANDY STORE, *in rem,* for all maintenance, cure, and unearned wages paid to or on behalf of Lance Folse, together with interest therein, all costs of these proceedings, and for all additional relief as this Honorable Court may deem just in the premises.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record via the service method indicated below:

[   ] U.S. Mail
[   ] Facsimile
[ x] Electronic Filing
[   ] Hand Delivery

This __4th___ day of October, 2019.

_____ */s/ James A. Crouch, Jr.* _____

Respectfully Submitted;

STAINES & EPPLING

*/s James A. Crouch, Jr.* _____
**JASON R. KENNEY** (#29933)
**JAMES A. CROUCH** (#35729)
**JESSICA B. FINLEY** (#38213)
3500 North Causeway Boulevard
Suite 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
*Counsel for Diamond Services Corporation*