0337-20522 #1454967

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF M/V CANDY STORE, L.L.C. AS OWNER, CANDY FLEET, L.L.C. AS OPERATOR AND OWNER PRO HAC VICE, AND M/V CANDY STORE, *IN REM* FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | CIVIL ACTION NO: 2:19-cv-10870<br><br>SECTION: D<br>HON. JUDGE WENDY B. VITTER<br><br>MAGISTRATE: 1<br>MAG. JUDGE JANIS VAN MEERVELD |

### ANSWER TO CLAIM AND RULE 14(C) TENDER
### OF DHD OFFSHORE SERVICES, LLC

NOW INTO COURT, through undersigned counsel, come Petitioners-in-Limitation, CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C., as owner of the M/V CANDY STORE (hereinafter sometimes collectively referred to as "Petitioners"), who hereby respond to the allegations contained in the Claim on Behalf of DHD Offshore Services, LLC (hereinafter referred to as "DHD"), as follows:

### FIRST DEFENSE

DHD's Claim fails to state a claim against Petitioners upon which relief can be granted.

### SECOND DEFENSE

DHD's Claim in limitation is barred by the applicable period of prescription and/or statute of limitations and/or laches.

### THIRD DEFENSE

AND NOW, without waiving any of the foregoing defenses, Petitioners respond to the allegations of DHD's Claim categorically and by paragraph as follows:

1.

The allegations contained in Paragraph 1 of DHD's Claim are admitted to the extent that

M/V CANDY STORE, LLC is a Louisiana limited liability company. All other allegations contained in Paragraph 1 of DHD's claim are denied.

2.

The allegations contained in Paragraph 2 of DHD's Claim are admitted to the extent that, CANDY FLEET, LLC is a Louisiana limited liability company. All other allegations contained in Paragraph 2 of DHD's Claim are denied.

3.

The allegations contained in Paragraph 3 of DHD's Claim are admitted to the extent that the M/V CANDY STORE is owned by CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C. All other allegations contained in Paragraph 3 of DHD's Claim are denied.

4.

The allegations contained in Paragraph 4 of DHD's Claim are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of DHD's Claim are denied for lack of sufficient information to justify a belief therein.

6.

Paragraph 6 of DHD's Claim contains factual allegations that do not require a response from Petitioners. To the extent a response is required, the allegations contained in Paragraph 6 of DHD's Claim are denied for lack of sufficient information to justify a belief therein.

7.

Paragraph 7 of DHD's Claim contains factual allegations that do not require a response from Petitioners. To the extent a response is required, the allegations contained in Paragraph 7 of

DHD's Claim are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of DHD's Claim are denied.

9.

The allegations contained in Paragraph 9 of DHD's Claim are denied.

10.

The allegations contained in Paragraph 10 of DHD's Claim are denied.

**FOURTH DEFENSE**

Petitioners deny the allegations of any unnumbered and/or misnumbered paragraphs, along with any allegations contained in the Prayer for Relief, and any allegations contained in DHD's Claim which have not been addressed.

**FIFTH DEFENSE**

Petitioners specifically deny that Claimant, Lance Folse ("Folse"), was injured as alleged. However, to the extent any alleged injuries are proven, such injuries resulted from Folse's sole fault, negligence, and/or inattention to duty, and therefore neither Folse nor DHD can have or make a recovery herein.

**SIXTH DEFENSE**

Petitioners aver that if Folse sustained any injuries or damages, which is specifically denied, said injuries or damages were caused or brought about by the ordinary risks inherent in Folse's occupation, which were voluntarily assumed and for which Petitioners are in no way responsible, and/or were caused by other for whom Petitioners are not responsible.

**SEVENTH DEFENSE**

Alternatively, Petitioners plead contributory negligence of Folse as a full bar to or in

mitigation of any recovery by Folse or DHD. More specifically, if Folse sustained any illnesses or injuries, which is denied, then said illnesses or injuries were caused by and/or contributed to and/or aggravated by the negligence of Folse and/or DHD in the following particulars, including, but not limited to:

1. Failure to exercise reasonable and ordinary care under the circumstances;
2. Failure to take proper precautions to avoid the alleged accident;
3. Failure to avoid an open and obvious risk;
4. Failure to use safety measures available to prevent the alleged accident; and
5. Any and all other acts of negligence, fault, and/or assumption of the risks which shall be proved at trial.

**EIGHTH DEFENSE**

The injuries, if any, of Folse, resulted from a condition that was open and obvious to Folse, and Folse therefore assumed the risk of any injury.

**NINTH DEFENSE**

Petitioners aver that DHD, as well as Folse, have failed to mitigate their damages, and recovery is therefore defeated or mitigated.

**TENTH DEFENSE**

Petitioners aver that the damages allegedly incurred by the Folse arose as a result of pre-existing and/or subsequently developed physical and/or mental conditions which were neither caused by nor aggravated by any act or omission of Petitioners, thus barring or mitigating any recovery by Folse or DHD herein.

**ELEVENTH DEFENSE**

While denying any liability to Folse whatsoever, Petitioners further aver that the injuries

or damages alleged by Folse were caused in whole or in party by the fault, acts, negligence, or omissions of a third-party or parties over whom Petitioners exercised no control or supervision and for whom Petitioners have no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the even that it is determined that Folse is entitled to recovery from Petitioners, which is denied, Folse's recovery, and therefore the recovery of DHD, should be reduced in proportion to the degree or percentage of negligence or fault of such third-parties.

## **TWELFTH DEFENSE**

Petitioners aver that any damages allegedly sustained by Folse, DHD, or any other claimant herein was the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which Petitioners or any other party, person, or entity for which Petitioners would be responsible, were not responsible.

## **THIRTEENTH DEFENSE**

Petitioners aver that the M/V CANDY STORE was at all pertinent times right, staunch, strong, properly manned, and fit for the service in which it was engaged. The M/V CANDY STORE was at all pertinent times seaworthy.

## **FOURTEENTH DEFENSE**

While denying any liability to Folse whatsoever, in the alternative, Petitioners aver that the incident made the basis of this lawsuit and the damages allegedly sustained by Folse were neither caused by nor contributed to by Petitioners, but rather resulted from a fortuitous event as that term is defined by law.

## **FIFTEENTH DEFENSE**

Petitioners plead that any negligence for which Petitioners are allegedly responsible was

in no way connected with the injuries for which Folse seeks recovery.

## SIXTEENTH DEFENSE

In further answering, Petitioners represent that they conducted their affairs in a safe and lawful manner, adhering to state and local guidelines, laws, and regulations, industry standards, rules and regulations, and accepted practices in the industry, both locally and nationally, and were free from fault, negligence, gross negligence, strict liability, or any other culpable conduct.

## SEVENTEENTH DEFENSE

Petitioners reserve the right to supplement, amend, or modify their affirmative defenses and Answer to conform to such facts as may be revealed in discovery or otherwise.

## RULE 14(c) TENDER OF DHD Offshore Services, LLC TO LANCE FOLSE

Petitioner in Limitation files this tender under Federal Rule of Civil Procedure 14(c) ("Rule 14(c) Tender") against DHD Offshore Services, LLC ("DHD") in support, respectfully avers as follows:

1.

Made third-party defendant under Rule 14(c) is DHD, a Louisiana limited liability company with a principal place of business in Morgan City, Louisiana.

2.

This Court has admiralty and maritime jurisdiction over this Rule 14(c) Tender because Folse has alleged that his injuries were caused by a maritime tort and/or the unseaworthiness of a vessel. (Rec. Doc. 18).

3.

Folse has alleged that he has suffered injuries caused by the M/V CANDY STORE. (Rec. Doc. 18). In particular, Folse has alleged that he was injured while assisting with the rigging of the

M/V CANDY STORE while the vessel was being salvaged. Folse has alleged that he was injured when he slipped on oil that leaked from the M/V CANDY STORE onto the deck of the barge he was working on.

4.

This Rule 14(c) Tender is appropriate because DHD is liable in whole or in part for the injuries that Folse has complained of in his Claim in Limitation (Rec. Doc. 18).

5.

Petitioners are in no way at fault for the damages complained of by Folse. Rather, DHD is liable in whole or in part for the injuries complained of by Folse because DHD was negligent in the course of the salvage of the M/V CANDY STORE, failing to keep the barge where Folse allegedly slipped in a seaworthy condition, failure to provide a safe place to work, and other negligence or fault as may be proven at trial.

6.

If Folse is found to suffer the complained of injuries, which is denied, Petitioners pray that under Rule 14(c) DHD is found to be directly liable to Folse. Petitioners hereby add DHD as a third-party defendant under Rule 14(c) and pray that DHD be found liable to Folse for Folse's complained of damages and further require DHD to Answer Folse's Claim (Rec. Doc. 18).

7.

Petitioners therefore tender DHD as a defendant directly to Folse and request that this Court, to the extent that any judgment is issued in favor of Folse, issue judgment against DHD and in favor of Folse for any claims that Folse may have against Petitioners.

WHEREFORE, the premises considered, Petitioners-in-Limitation, CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C., as owner of the M/V CANDY STORE, pray that

their Answer be deemed good and sufficient and that after due proceedings be had, there be judgment herein in favor of Petitioners-in-Limitation, CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C., as owner of the M/V CANDY STORE and against claimant DHD Offshore Services, LLC, dismissing the Claim of DHD Offshore Services, LLC, at claimant's cost, granting Petitioners' Complaint for Exoneration from or, in the alternative, Limitation of Liability and that Petitioners-in-Limitation, CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C. be granted such other and further relief as equity and justice of the cause may require and permit. Petitioners-in-Limitation, CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C., as owner of the M/V CANDY STORE, further pray that the Rule 14(c) Tender of DHD to Folse be deemed good and sufficient and that DHD be required to answer Folse's Claim and, to the extent that Folse proves any of his claims, be held liable directly to Folse.

Respectfully submitted,

*/s/ Kristin K. Robbins*
Salvador J. Pusateri, T.A. (#21036)
Aaron B. Greenbaum (#31752)
Kristin K. Robbins (#31303)
Elizabeth B. McIntosh (#36575)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Kristin.Robbins@pjgglaw.com
Elizabeth.McIntosh@pjgglaw.com
**ATTORNEYS FOR PETITIONERS-IN-LIMITATION, M/V CANDY STORE, L.L.C., AS OWNER OF THE M/V CANDY STORE, AND CANDY FLEET, L.L.C., AS OPERATOR AND OWNER PRO HAC VICE**