0337-20522                                                                          #1460952

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF M/V CANDY STORE, L.L.C. AS OWNER, CANDY FLEET, L.L.C. AS OPERATOR AND OWNER PRO HAC VICE, AND M/V CANDY STORE, *IN REM* FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO: 2:19-cv-10870<br><br>SECTION: D<br>HON. JUDGE WENDY B. VITTER<br><br>MAGISTRATE: 1<br>MAG. JUDGE JANIS VAN MEERVELD |

### ANSWER TO CLAIM AND RULE 14(C) TENDER
### OF DIAMOND SERVICES CORPORATION

NOW INTO COURT, through undersigned counsel, come Petitioners-in-Limitation, CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C., as owner of the M/V CANDY STORE  (hereinafter sometimes collectively referred to as "Petitioners"), who hereby respond to the allegations contained in the Answer and Claim of Diamond Services Corporation ("Diamond"), as follows:

### FIRST DEFENSE

Diamond's Claim fails to state a claim against Petitioners upon which relief can be granted.

### SECOND DEFENSE

Diamond's Claim in limitation is barred by the applicable period of prescription and/or statute of limitations and/or laches.

### THIRD DEFENSE

AND NOW, without waiving any of the foregoing defenses, Petitioners respond to the allegations of Diamond's Claim categorically and by paragraph as follows:

1.

The allegations contained in Paragraph I of Diamond's Claim are admitted to the extent

that M/V CANDY STORE, LLC is a Louisiana limited liability company. All other allegations contained in Paragraph 1 of Diamond's claim are denied.

2.

The allegations contained in Paragraph II of Diamond's Claim are admitted to the extent that CANDY FLEET, LLC is a Louisiana limited liability company. All other allegations contained in Paragraph 2 of Diamond's Claim are denied.

3.

The allegations contained in Paragraph III of Diamond's Claim are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph IV of Diamond's Claim are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph V of Diamond's Claim are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph VI of Diamond's Claim are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph VII of Diamond's Claim are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph VIII of Diamond's Claim are denied for lack of

sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph IX of Diamond's Claim are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph X of Diamond's Claim are denied.

11.

The allegations contained in Paragraph XI of Diamond's Claim are denied.

12.

The allegations contained in Paragraph XII of Diamond's Claim are denied.

## FOURTH DEFENSE

Petitioners deny the allegations of any unnumbered and/or misnumbered paragraphs, along with any allegations contained in the Prayer for Relief, and any allegations contained in Diamond's Claim which have not been addressed.

## FIFTH DEFENSE

Petitioners specifically deny that Claimant, Lance Folse ("Folse"), was injured as alleged. However, to the extent any alleged injuries are proven, such injuries resulted from Folse's sole fault, negligence, and/or inattention to duty, and therefore neither Folse nor Diamond can have or make a recovery herein.

## SIXTH DEFENSE

Petitioners aver that if Folse sustained any injuries or damages, which is specifically denied, said injuries or damages were caused or brought about by the ordinary risks inherent in

Folse's occupation, which were voluntarily assumed and for which Petitioners are in no way responsible, and/or were caused by other for whom Petitioners are not responsible.

## SEVENTH DEFENSE

Alternatively, Petitioners plead contributory negligence of Folse as a full bar to or in mitigation of any recovery by Folse or Diamond. More specifically, if Folse sustained any illnesses or injuries, which is denied, then said illnesses or injuries were caused by and/or contributed to and/or aggravated by the negligence of Folse and/or Diamond in the following particulars, including, but not limited to:

1. Failure to exercise reasonable and ordinary care under the circumstances;

2. Failure to take proper precautions to avoid the alleged accident;

3. Failure to avoid an open and obvious risk;

4. Failure to use safety measures available to prevent the alleged accident; and

5. Any and all other acts of negligence, fault, and/or assumption of the risks which shall be proved at trial.

## EIGHTH DEFENSE

The injuries, if any, of Folse, resulted from a condition that was open and obvious to Folse, and Folse therefore assumed the risk of any injury.

## NINTH DEFENSE

Petitioners aver that Diamond, as well as Folse, have failed to mitigate their damages, and recovery is therefore defeated or mitigated.

## TENTH DEFENSE

Petitioners aver that the damages allegedly incurred by the Folse arose as a result of pre-existing and/or subsequently developed physical and/or mental conditions which were neither

caused by nor aggravated by any act or omission of Petitioners, thus barring or mitigating any recovery by Folse or Diamond herein.

## ELEVENTH DEFENSE

While denying any liability to Folse whatsoever, Petitioners further aver that the injuries or damages alleged by Folse were caused in whole or in party by the fault, acts, negligence, or omissions of a third-party or parties over whom Petitioners exercised no control or supervision and for whom Petitioners have no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the even that it is determined that Folse is entitled to recovery from Petitioners, which is denied, Folse's recovery, and therefore the recovery of Diamond, should be reduced in proportion to the degree or percentage of negligence or fault of such third-parties.

## TWELFTH DEFENSE

Petitioners aver that any damages allegedly sustained by Folse, Diamond, or any other claimant herein was the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which Petitioners or any other party, person, or entity for which Petitioners would be responsible, were not responsible.

## THIRTEENTH DEFENSE

Petitioners aver that the M/V CANDY STORE was at all pertinent times right, staunch, strong, properly manned, and fit for the service in which it was engaged. The M/V CANDY STORE was at all pertinent times seaworthy.

## FOURTEENTH DEFENSE

While denying any liability to Folse whatsoever, in the alternative, Petitioners aver that the incident made the basis of this lawsuit and the damages allegedly sustained by Folse were neither

caused by nor contributed to by Petitioners, but rather resulted from a fortuitous event as that term is defined by law.

**FIFTEENTH DEFENSE**

Petitioners plead that any negligence for which Petitioners are allegedly responsible was in no way connected with the injuries for which Folse seeks recovery.

**SIXTEENTH DEFENSE**

In further answering, Petitioners represent that they conducted their affairs in a safe and lawful manner, adhering to state and local guidelines, laws, and regulations, industry standards, rules and regulations, and accepted practices in the industry, both locally and nationally, and were free from fault, negligence, gross negligence, strict liability, or any other culpable conduct.

**SEVENTEENTH DEFENSE**

Petitioners aver that any injuries and/or damages sustained by Folse, while specifically denied, were caused in whole or in party by the acts or omissions or Diamond, over whom Petitioners exercised no control or supervision.

**EIGHTEENTH DEFENSE**

Petitioners reserve the right to supplement, amend, or modify their affirmative defenses and Answer to conform to such facts as may be revealed in discovery or otherwise.

**RULE 14(c) TENDER OF DIAMOND SERVICES CORPORATION TO LANCE FOLSE**

Petitioners in Limitation file this tender under Federal Rule of Civil Procedure 14(c) ("Rule 14(c) Tender") against Diamond Services Corporation ("Diamond"), and in support, respectfully avers as follows:

1.

Made third-party defendant under Rule 14(c) is Diamond, a Louisiana corporation with a

principal place of business in Amelia, Louisiana.

2.

This Court has admiralty and maritime jurisdiction over this Rule 14(c) Tender because Folse has alleged that his injuries were caused by a maritime tort and/or the unseaworthiness of a vessel. (Rec. Doc. 18).

3.

Folse has alleged that he has suffered injuries caused by the M/V CANDY STORE. (Rec. Doc. 18). In particular, Folse has alleged that he was injured while assisting with the rigging of the M/V CANDY STORE while the vessel was being salvaged. Folse has alleged that he was injured when he slipped on oil that leaked from the M/V CANDY STORE onto the deck of the barge he was working on.

4.

This Rule 14(c) Tender is appropriate because Diamond is liable in whole or in part for the injuries that Folse has complained of in his Claim in Limitation (Rec. Doc. 18).

5.

Petitioners are in no way at fault for the damages complained of by Folse. Rather, Diamond is liable in whole or in part for the injuries complained of by Folse because Diamond was negligent in the course of the salvage of the M/V CANDY STORE, failing to keep the barge where Folse allegedly slipped in a seaworthy condition, and other negligence or fault as may be proven at trial.

6.

If Folse is found to suffer the complained of injuries, which is denied, Petitioners pray that under Rule 14(c) Diamond is found to be directly liable to Folse. Petitioners hereby add Diamond as a third-party defendant under Rule 14(c) and pray that Diamond be found liable to Folse for

Folse's complained of damages and further require Diamond to Answer Folse's Claim (Rec. Doc. 18).

7.

Petitioners therefore tender Diamond as a defendant directly to Folse and request that this Court, to the extent that any judgment is issued in favor of Folse, issue judgment against Diamond and in favor of Folse for any claims that Folse may have against Petitioners.

WHEREFORE, the premises considered, Petitioners-in-Limitation, CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C., as owner of the M/V CANDY STORE, pray that their Answer be deemed good and sufficient and that after due proceedings be had, there be judgment herein in favor of Petitioners-in-Limitation, CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C., as owner of the M/V CANDY STORE and against claimant Diamond Services Corporation, dismissing the Claim of Diamond Services Corporation, at claimant's cost, granting Petitioners' Complaint for Exoneration from or, in the alternative, Limitation of Liability and that Petitioners-in-Limitation, CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C. be granted such other and further relief as equity and justice of the cause may require and permit. Petitioners-in-Limitation, CANDY FLEET, LLC, and the M/V CANDY STORE, L.L.C., as owner of the M/V CANDY STORE, further pray that the Rule 14(c) Tender of Diamond to Folse be deemed good and sufficient and that Diamond be required to answer Folse's Claim and, to the extent that Folse proves any of his claims, be held liable directly to Folse.

Respectfully submitted,

*/s/ Kristin K. Robbins*_____
Salvador J. Pusateri, T.A. (#21036)
Aaron B. Greenbaum (#31752)
Kristin K. Robbins (Bar #31303)
Elizabeth B. McIntosh (#36575)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM

1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Kristin.Robbins@pjgglaw.com
Elizabeth.McIntosh@pjgglaw.com
**ATTORNEYS FOR PETITIONERS-IN-LIMITATION,
M/V CANDY STORE, L.L.C., AS OWNER OF THE
M/V CANDY STORE, AND CANDY FLEET, L.L.C., AS
OPERATOR AND OWNER PRO HAC VICE**