UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF M/V CANDY STORE, L.L.C., AS OWNER, CANDY FLEET, L.L.C. AS OPERATOR AND OWNER *PRO HAC VICE*, AND M/V CANDY STORE, *IN REM* FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * CIVIL ACTION NO.: 2:19-cv-10870 * * SECTION D, JUDGE WENDY B. VITTER * * DIVISION 1, MAGISTRATE JUDGE * JANICE VAN MEERVELD |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DIAMOND SERVICES CORPORATION'S THIRD-PARTY DEMAND AND RULE 14(C) TENDER AGAINST ES&H OF DALLAS, LLC

**NOW INTO COURT,** through undersigned counsel, comes Diamond Services Corporation ("Diamond"), who respectfully files this Third-Party Demand and tender under Federal Rule of Civil Procedure 14(c) against ES&H of Dallas, LLC and in support respectfully avers as follows:

1.

Made third-party defendant under Rule 14(c) is ES&H Services, a Louisiana Limited Liability Company with a principal place of business in Houma, Louisiana.

2.

This Court has admiralty and maritime jurisdiction over this Rule 14(c) Tender because Lance Folse ("Folse"), through a Rule 14(c) tender against Diamond, has alleged that his injuries were caused by a maritime tort and/or the unseaworthiness of a vessel. (Rec. Doc. 23).

3.

It is alleged that Diamond caused Folse's injuries due to Diamond's negligence "in the course of the salvage of the M/V CANDY STORE, failing to keep the barge where Folse allegedly

slipped in a seaworthy condition, and other negligence or fault as may be proven at trial." (Rec. Doc. 23, at paragraph 5).

4.

This Rule 14(c) Tender is appropriate because ES&H is liable in whole or in part for the injuries that Folse has complained of in his 14(c) Tender against Diamond (Rec. Doc. 23).

5.

Diamond is in no way at fault for the damages complained of by Folse. Rather, ES&H is liable in whole or in part for the injuries complained of by Folse because ES&H was negligent in that ES&H was hired specifically to control, clean, mark, and make safe any leak or discharge of oil or fuel from the M/V CANDY STORE, which oil or fuel Folse alleges he slipped in. Therefore, if Folse successfully proves any injury whatsoever, which is denied, then ES&H is solely liable to Folse for those injuries.

6.

If Folse is found to suffer the complained of injuries, which is denied, Diamond prays that under Rule 14(c), ES&H is found to be directly liable to Folse. Diamond hereby adds ES&H as a third-party defendant under Rule 14(c) and pray that ES&H be found liable to Folse for Folse's complained of damages and further require ES&H to Answer Folse's Claim (Rec. Doc. 18).

7.

Diamond therefore tenders ES&H as a defendant directly to Folse and requests that this Court, to the extent that any judgment is issued in favor of Folse, issue judgment against ES&H and in favor of Folse for any claims that Folse may have against Diamond.

8.

Diamond further denies that it is at fault in causing or contributing to Folse's alleged injuries, which injuries Diamond denies exist, and Diamond further denies that it is otherwise legally responsible for any damages that might be awarded to Folse as a result of his alleged injury sustained on October 19, 2018.

9.

Upon information and belief, ES&H, combined with the contributory negligence of Folse himself, are completely and entirely responsible for any and all alleged injuries claimed by Folse. As this matter arises under the General Maritime Law, Diamond avers that ES&H is liable to Diamond for the entirety of Folse's claims asserted against Diamond.

10.

Diamond avers that in accordance with Federal Rule of Civil Procedure 14(a)(5), and pursuant to the joint and several liability afforded under the General Maritime Law, should Diamond be cast in judgement for any amount, which Diamond denies, then ES&H is liable to Diamond for all or a portion of those sums on the basis of tort indemnity and/or maritime contribution.

**WHEREFORE**, the premises considered, Diamond Services Corporation prays that this Third-Party Demand under Rule 14(a)(5) and the accompanying Rule 14(c) Tender of ES&H of Dallas, LLC to Lance Folse be deemed good and sufficient and that ES&H Services be required to answer Lance Folse's claim and, to the extent that Lance Folse proves any of his claims, be held liable directly to Lance Folse.

| CERTIFICATE OF SERVICE | Respectfully Submitted; |
|---|---|

<div style="display: flex;">

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record via the service method indicated below:

[ ] U.S. Mail
[ ] Facsimile
[x] Electronic Filing
[ ] Hand Delivery

This 15th day of September, 2020.

   /s/ James A. Crouch, Jr.

Respectfully Submitted;

STAINES & EPPLING

/s/ James A. Crouch, Jr.
**JASON R. KENNEY** (#29933)
**JAMES A. CROUCH** (#35729)
**JESSICA B. FINLEY** (#38213)
3500 North Causeway Boulevard
Suite 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
*Counsel for Diamond Services Corporation*

</div>